FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 21 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. '10 - CV - 02309 BNB

(The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may result in a delay in the consideration of your claims.)

ANDRE J. TWITTY, also known as
ANDRE TWITTY, also known as
A. J. TWITTY,

    Applicant,

v.

BLAKE DAVIS, and CHARLES DANIELS, named as BLAKE DANIELS,

    Respondents.

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DIRECTING APPLICANT TO CURE DEFICIENCY AND TO SHOW CAUSE

Applicant, Andre J. Twitty, also known as Andre Twitty and as A. J. Twitty, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He has submitted *pro se* a "Motion for Writ of Habeas, Constitutional Violations Judgment Void, Lack of Subject Matter Jurisdiction Brief in Support," a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted documents are deficient as described in this order.

Notwithstanding the deficiencies, the clerk of the Court will be directed to commence a civil action. Applicant will be directed to cure the following if he wishes to pursue his claims. Any papers that Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit:**
(1) __ is not submitted
(2) __ is missing affidavit
(3) __ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) _X_ is missing certificate showing current balance in prison account (account statement submitted is not current)
(5) __ is missing required financial information
(6) __ is missing an original signature by the prisoner
(7) __ is not on proper form (must use the court's current form)
(8) __ names in caption do not match names in caption of complaint, petition or habeas application
(9) __ An original and a copy have not been received by the court. Only an original has been received.
(10) __ other:_____.

**Complaint, Petition or Application:**
(11) __ is not submitted
(12) __ is not on proper form (must use the court's current form)
(13) __ is missing an original signature by the prisoner
(14) __ is missing page nos. ___
(15) __ uses et al. instead of listing all parties in caption
(16) __ An original and a copy have not been received by the court. Only an original has been received.
(17) __ Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) __ names in caption do not match names in text
(19) __ other _____

A review of this Court's docketing records reveals that this is the twelfth § 2241 habeas corpus application Mr. Twitty has filed in this Court challenging his conviction in the United States District Court for the Northern District of Georgia (Northern District of Georgia). "[T]he court is permitted to take judicial notice of its own files and records, as

2

well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), **abrogated on other grounds by** *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). Therefore, some of the information in this order is taken from prior § 2241 actions Mr. Twitty has initiated in this Court.

In 1999, a jury convicted Mr. Twitty in criminal case number 98-00374-CR-1-1 of wilfully communicating a bomb threat via the telephone and threatening federal law enforcement officers and their immediate family members. He was sentenced to 180 months in prison and three years of supervised release. His conviction and sentence were affirmed on direct appeal. *See United States v. Twitty*, No. 99-12706, 31 Fed. Appx. 934 (11th Cir. Jan. 8, 2002) (unpublished), **cert denied**, 535 U.S. 1029 (2002). In 2002, the Northern District of Georgia denied his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On appeal, the United States Court of Appeals for the Eleventh Circuit denied a certificate of appealability. *See Twitty v. United States*, No. 04-12805 (11th Cir. Apr. 25, 2005) (unpublished order).

In 2006, in a prior § 2241 action he initiated in this Court, Mr. Twitty attacked his Northern District of Georgia conviction and sentence. *See Twitty v. Wiley*, No. 06-cv-00177-ZLW (D. Colo. Mar. 29, 2006), **aff'd**, No. 06-1234 (10th Cir. July 17, 2006), **cert. denied**, No. 06-6290, 549 U.S. 967 (Oct. 10, 2006).

In 2007, he again attacked his conviction and sentence. *See Twitty v. Wiley*, No. 07-cv-02441-ZLW (D. Colo. Mar. 3, 2008), **appeal dismissed**, No. 08-1118 (10th Cir. June 11, 2008), **appeal dismissed**, No. 08-1277 (10th Cir. Oct. 29, 2008).

In 2008, he attacked his conviction and sentence three more times. *See Twitty v. Wiley*, No. 08-cv-02119-ZLW (D. Colo. Nov. 17, 2008), *aff'd*, No. 09-1008 (10th Cir. June 19, 2009); *Twitty v. Wiley*, No. 08-cv-02717-ZLW (D. Colo. Mar. 25, 2009); and *Twitty v. Wiley*, No. 08-cv-02823-ZLW (D. Colo. Feb. 13, 2009), *aff'd*, No. 09-1107 (10th Cir. June 19, 2009).

In 2009, he attacked his conviction and sentence twice. *See Twitty v. Wiley*, No. 09-cv-00906-ZLW (D. Colo. June 24, 2009); and *Twitty v. Davis*, No. 09-cv-02538-ZLW (D. Colo. January 11, 2010).

In 2010, he previously attacked his conviction and sentence four times. *See Twitty v. Daniels*, No. 10-cv-000634-ZLW (D. Colo. Mar. 31, 2010), *appeal filed*, No. 10-1198 (10th Cir. May 3, 2010); *Twitty v. Daniels*, No. 10-cv-00888-ZLW (D. Colo. Apr. 27, 2010); *Twitty v. Davis*, No. 10-cv-01356-ZLW (D. Colo. June 22, 2010); and *Twitty v. Davis*, No. 10-cv-01676-ZLW (D. Colo. Aug. 23, 2010), *appeal filed*, No. 10-1409 (10th Cir. Sept. 2, 2010). In the instant action, Mr. Twitty once again attacks his conviction and sentence.

Mr. Twitty has been told repeatedly that the purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. "A petition under § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method

4

of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

Courts have found the remedy provided in § 2255 to be inadequate or ineffective only in extremely limited circumstances. *See, e.g., Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964) (§ 2255 remedy is ineffective when the sentencing court is abolished); *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir. 1965) (suggesting that § 2255 remedy might be ineffective when the sentencing court refuses to consider the § 2255 petition altogether or when the court inordinately delays consideration of the petition) (dictum); *Cohen v. United States*, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (noting that § 2255 remedy is ineffective when petitioner is sentenced by three courts, none of which could grant complete relief) (dictum).

The fact that Mr. Twitty previously was denied relief in the sentencing court pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Twitty may be barred from filing a second or successive § 2255 motion also does not mean that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Caravalho v.*

5

*Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Therefore, Mr. Twitty will be ordered to show cause why the application should not be denied because he has an adequate and effective remedy pursuant to § 2255 in the Northern District of Georgia.

In addition, Mr. Twitty will be ordered to show cause why his filings should not be restricted. The United States Court of Appeals for the Tenth Circuit (Tenth Circuit) noted in No. 09-1107, Mr. Twitty's appeal from this Court's dismissal in No. 08-cv-02823-ZLW, that, although he has "three strikes" under the Prisoner Litigation Reform Act, § 1915(g), the three-strike restriction does not apply to § 2241 applications. *See Jennings v. Natrona County Det. Ctr. Med. Fac.*, 175 F.3d 775, 780-81 (10th Cir. 1999). However, the Tenth Circuit cautioned Mr. Twitty in No. 09-1107 to refrain from further filings pursuant to § 2241 which attempt to challenge this same conviction and sentence. The Tenth Circuit also pointed out that a court has the authority to limit Mr. Twitty's access to the court when his filings are only a repeat of pleadings previously filed. *See Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989) (per curiam).

In No. 10-cv-01676-ZLW, this Court joined the Tenth Circuit in warning Mr. Twitty to refrain from further § 2241 filings attacking this same conviction and sentence, and in pointing out that this Court has the authority to limit Mr. Twitty's repetitive filings. *See id.* The Court's continuing efforts to explain the difference between a § 2241 action and a § 2255 action to Mr. Twitty have been to no avail. Mr. Twitty continues to attack inappropriately his Northern District of Georgia conviction by initiating § 2241 actions in this Court that actually are § 2255 actions.

The Court will not tolerate abuse of its limited judicial resources by *pro se*

litigants who repeatedly fail to comply with Court orders. The Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989) (per curiam).

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* at 353 (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 U.S. 1070, 1077 (10th Cir. 2007).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies])." In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921

(10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989). A plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. See *Tripati*, 878 F.2d at 354.

Mr. Twitty's abusive litigation is not limited to habeas corpus actions. Every one of the twenty non-habeas actions he initiated in this Court has been dismissed.

In one action, Mr. Twitty bombarded the Court with more-often-than-not unintelligible papers suing individuals with no apparent personal participation in the asserted claims. See *Twitty v. Gonzalez*, No. 06-cv-00667-ZLW (D. Colo. June 26, 2006) (dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for failure to show cause as directed why the amended complaint should not be dismissed for failure to exhaust).

In ten actions, he was denied leave to proceed pursuant to the "three strikes" provision in § 1915(g). See *Twitty v. Wiley*, No. 06-cv-02325-ZLW (D. Colo. Jan. 5, 2007) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice for failure to cure and to show cause); *Twitty v. United States*, No. 06-cv-02421-ZLW (D. Colo. Jan. 25, 2007) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice for failure to cure and to show cause); *Twitty v. Gonzalez*, No. 07-cv-00996-ZLW (D. Colo. July 10, 2007) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice for failure to show cause), *appeal dismissed for failure to prosecute*, No. 07-1348 (10th Cir. Nov. 14, 2007); *Twitty v. Weinshienk*, No. 07-cv-01495-ZLW (D. Colo. Aug. 30, 2007)

(denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice for failure to cure and to show cause); *Twitty v. Wiley*, No. 07-cv-02694-ZLW (D. Colo. Feb. 8, 2008) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice for failure to cure, show cause, and prosecute); *Twitty v. U.S. Attorney Gen. - Acting*, No. 08-cv-00549-ZLW (D. Colo. May 28, 2008) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice); *Twitty v. Wiley*, No. 08-cv-02251-ZLW (D. Colo. Dec. 15, 2008) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice), **appeal dismissed for failure to pay appellate filing fees**, No. 09-1009 (10th Cir. Feb. 27, 2009); *Twitty v. Wiley*, No. 08-cv-02470-ZLW (D. Colo. Dec. 30, 2008) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice); *Twitty v. Weinshienk*, No. 09-cv-00350-WYD (D. Colo. Apr. 16, 2009) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice), **appeal dismissed for failure to prosecute**, No. 09-1226 (10th Cir. June 25, 2009); and *Twitty v. Eid*, No. 09-cv-01411-ZLW (D. Colo. July 31, 2009) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice).

In nine actions, he failed to comply with Court orders to cure defects in his filings. *See Twitty v. U.S.*, No. 07-cv-01633-ZLW (D. Colo. Sept. 12, 2007) (dismissed without prejudice for failure to cure and prosecute); *Twitty v. Gonzales*, No. 07-cv-02695-ZLW (D. Colo. Feb. 8, 2008) (dismissed without prejudice for failure to cure and prosecute); *Twitty v. Acting U.S. Atty Gen.*, No. 07-cv-02696-ZLW (D. Colo. Feb. 8, 2008) (dismissed without prejudice for failure to cure and prosecute); *Twitty v. Mukasey*, No.

08-cv-00548-BNB (D. Colo. May 1, 2008) (dismissed without prejudice for failure to cure); *Twitty v. Wiley*, No. 08-cv-00688-ZLW (D. Colo. May 28, 2008) (dismissed without prejudice for failure to cure); *Twitty v. Mukasey*, No. 08-cv-02333-ZLW (D. Colo. Dec. 9, 2008) (dismissed without prejudice for failure to cure); *Twitty v. Eid*, No. 09-cv-00484-ZLW (D. Colo. Apr. 17, 2009) (dismissed for failure to cure and prosecute); *Twitty v. Eid*, No. 09-cv-02250-ZLW (D. Colo. Dec. 10, 2009) (dismissed for failure to cure and prosecute); and *Twitty v. Eid*, No. 10-cv-00849-ZLW (D. Colo. June 2, 2010) (dismissed for failure to cure and prosecute).

In order to provide Mr. Twitty with his opportunity to oppose the imposition of filing restrictions before they are implemented, he will be ordered to show cause within thirty days why filing restrictions should not be imposed against him for his repetitive and abusive filings.

The Court finds that Mr. Twitty's abusive history of filing actions demonstrates that imposition of filing restrictions is appropriate. Unless Mr. Twitty shows cause otherwise, the Court will prohibit him from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Mr. Twitty will be directed to take the following steps:

1. File with the clerk of this Court a motion requesting leave to file a *pro se* action.

2. Include in the motion requesting leave to file a *pro se* action the following information:

A.  A list of all lawsuits currently pending or filed
            previously in the District of Colorado, including the
            name, number, and citation, if applicable, of each
            case, and the current status or disposition of each
            case; and

        B.  A statement of the legal issues to be raised in the
            proposed new pleading and whether he has raised
            the same issues in other proceedings in the District of
            Colorado. If so, he must cite the case number and
            docket number where the legal issues previously
            have been raised.

    3.  Submit the proposed new pleading to be filed in the *pro se* action.

The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1C. for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Accordingly, it is

ORDERED that the clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that Applicant, Andre J. Twitty, cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers Mr. Twitty files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Mr. Twitty show cause **within thirty (30) days from the date of this order** why the application should not be denied because he has an

11

adequate and effective remedy pursuant to § 2255 in the United States District Court for the Northern District of Georgia. It is

FURTHER ORDERED that Mr. Twitty show cause **within thirty (30) days from the date of this order** why he should not be prohibited from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains the Court's permission to proceed *pro se* as discussed in this order. It is

FURTHER ORDERED that filing restrictions may be imposed whether or not Mr. Twitty cures the designated deficiencies or shows cause as directed within the time allowed. It is

FURTHER ORDERED that, if Mr. Twitty fails to cure the designated deficiencies or to show cause as directed **within thirty (30) days from the date of this order**, the application will be denied and the action dismissed without further notice.

DATED at Denver, Colorado, this 20th day of September, 2010.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10 – CV – 0 2 3 0 9

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  9/21/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk